ELBRIDGE WASON, administrator, *vs.* WILLIAM G. COLBURN,
administrator.

SAME *vs.* WILLIAM G. COLBURN.

A policy of insurance, effected by the assured on his life, and expressed to be payable, on
his death, "to his heirs or representatives," is not expressed to be for the benefit of any
third person within the meaning of the Gen. Sts. c. 58, § 62, but is payable to the admin-
istrator as assets of the estate of the deceased; and oral declarations of the assured, after
receiving it, that he intended it for the benefit of his son, are inadmissible to vary its con-
struction, and insufficient to raise a trust in respect to its proceeds.

TWO ACTIONS OF CONTRACT by the administrator of the estate
of Henry E. Sanderson; the first against William G. Colburn
as administrator of the estate of Elbridge L. Sanderson; and
the second against Colburn individually; to recover, as money
received by the defendant to the plaintiff's use, the proceeds, col-
lected by the defendant from the John Hancock Life Insurance
Company, of a policy of insurance by them made on the life of
said Elbridge L. The cases were submitted together for the
determination of the full court on the following facts agreed:

The John Hancock Life Insurance Company issued to El-
bridge L. Sanderson the policy in question, in July 1866, as an
endowment policy for ten years, containing this clause: "The
said company do hereby promise and agree to and with the said
assured well and truly to pay the sum insured to the said as-
sured, or, in case of prior decease, to his heirs or representatives."
The assured died in September 1866, having survived his wife,
and leaving as his sole heir his minor son, Henry E. Sanderson,
who died in September 1867. Colburn, as administrator of the
estate of Elbridge L., which was insolvent, collected from the
insurers $4,583.64 upon the policy, in January 1867, and in-
cluded the sum in his inventory.

It was further agreed (if the fact was admissible on the ques-
tion of the construction of the policy) that soon after effecting
'he insurance Elbridge L. declared orally that it was intended
for the benefit of his said son.

*C. A. Phillips,* (*D. A. Gleason* with him,) for the plaintiff.
The policy was a contract to pay a certain sum either to the

assured in July 1876, or to the parties designated, in case of his prior death; which last having occurred, it became an ordinary contract of life insurance, payable to a third person. *Valton* v. *National Assurance Society*, 22 Barb. 9. The plaintiff's intestate is the party designated in the policy, for whose benefit the insurance was made; and the title to the proceeds of the policy vested in him upon the death of the assured. Gen. Sts. *c.* 58, § 62. *Loos* v. *John Hancock Insurance Co.*, decided in the supreme court of Missouri, October term 1867, [41 Missouri, 538.] The term "heirs" is a good *designatio personæ*. *Shaw* v. *Loud*, 12 Mass. 447. 2 Washb. Real Prop. 274. This construction of the policy would be undoubted, were it not for the term "representatives;" but that term, being more general, cannot be allowed to control or contradict the term "heirs," which has a specific meaning. *Lyman* v. *Clark*, 9 Mass. 238. Child or children satisfies the meaning of the term "representatives;" 2 Steph. Com. (5th ed.) 213; *Mayo* v. *Boyd*, 3 Mass. 13; *Palin* v. *Hills*, 1 Myl. & K. 470; and, being consistent with "heirs," is to be adopted as the interpretation of the term, rather than executor or administrator, which is inconsistent with the preceding term, and renders it impossible to ascertain the party in interest from the contract. It may be that the parties intended to follow the words of the statute. Gen. Sts. *c.* 58, § 62. The utmost which the defendant can claim is, that the language is ambiguous; and in this view of the case evidence of the intentions and declarations of the parties to the contract is admissible, to show the meaning which they attached to the terms used. Even if the policy was for the sole benefit of the assured, his declarations amount either to an assignment, or to a declaration of trust for the benefit of the plaintiff's intestate.

*W. G. Colburn, pro se,* was not called upon.

Chapman, C. J. The policy is not expressed to be for the benefit of any third person within the meaning of Gen. Sts. *c.* 58, § 62.* It was primarily intended to be for the benefit of

---

* The material part of the Gen. Sts. *c.* 58, § 62, is as follows: "When a policy is effected by any person on his own life or on the life of another

the assured himself, being an endowment policy for the pericd of ten years. In case of his decease within that period, it was made, by its terms, payable "to his heirs or representatives." Evidence of his oral declarations, made after he received it, are inadmissible to vary its construction. Nor are mere statements that it was intended for the benefit of his son sufficient to constitute a trust. Upon his death intestate within the ten years, his administrator, who is his personal representative, became entitled, by well settled principles of law, to collect the amount due, and hold it as part of the estate of the intestate.

An unpublished report of the case of *Loos* v. *John Hancock Insurance Co.,* recently decided by the supreme court of Missouri, has been cited, in which a different construction of the word "representatives" was given. It was held that a child who was the sole heir of the assured was entitled to the money as against the administrator, on the ground that when it is intended that it shall go to the administrator the invariable language of policies is "to pay the said assured, his executors, administrators and assigns;" and that the changing of the language and use of terms of different expression clearly import that the money was intended for the benefit of the heirs or next of kin, and that it was not to be administered as assets by the executor or administrator. In the present case, the language habitually used by the company is not stated; nor would evidence be admissible of the intent with which they used the language of the policy. The term "representatives" legally indicates administrators, and we cannot construe it as excluding them.

*Judgment for the defendant.*

expressed to be for the benefit of such other or his representatives, or a third person, the person for whose benefit it was made shall be entitled thereto against the credito's and the representatives of the person effecting the same."