Opinion by
Willson, J.
§ 399. Executor; duty to inventory estate and execute the will; case stated. Hiram Smith died, possessed of' a benefit certificate in the Mutual Self Endowment and Benevolent Association of America. It was for $1,000, payable to said Smith or his order. It was an endowment certificate, payable during his life-time, provided he lived a certain number of years, and payable also upon his death. He left a last will and testament, which was duly probated, wherein he named appellant executor, - and appellant duly qualified as such executor, and inventoried this certificate as property belonging to the estate. The testator, by his will, bequeathed. to the children of D. M. Smith, then living, $2,000, and to one Robert Smith the remainder of his property, providing that his debts should be first paid. This suit was brought by D. M. Smith et al. against the said association for the money due upon said certificate, they alleging that they were the only heirs at law of said Hiram Smith, deceased. Appellant, as executor aforesaid, intervened and claimed the money as belonging to the estate and not to the heirs. His intervention was, upon exceptions thereto by said heirs, dismissed, and judgment rendered in their favor for the money. Held, it is provided-by statute, and was also required by the terms of the will, that the executor should return an inventory of the estate to the .proper court, which should embrace all the property belonging to said estate. [R. S. art. 1912.] It is further provided by statute, that, when a will has been probated, its directions and provisions shall be executed unless the same are annulled or suspended by an order of the court probating the same, etc. [R. S. art. 1938.] If, then, the certificate was the property of the estate, it was appellant’s duty as executor to inventory it, and execute the *350 directions and provisions of the will in relation thereto, and ho had the right to demand and receive the money thereon. Was said certificate the property of said estate, or did it belong to the heirs at law of said Hiram Smith?
November 1, 1884.
§ 400. Life insurance policy is not a part of the estate of the assured. It is well settled that an ordinary life insurance policy, payable to the heirs of the assured, does not form part of his estate for the payment of his debts, but vests absolutely in his heirs upon his death. Such policies are usually taken out for the benefit of other persons than the assured himself, and not as an investment for the benefit of his estate. [Mullins & Co. v. Thompson, Adm’r, 51 Tex. 7; Splawn et al. v. Chew et al. 60 Tex. 532.]
§ 401. Endowment certificate; belongs to estate of the assured, when. But the certificate in this case is a very different instrument from an ordinary life insurance policy. It was primarily intended for the benefit of the assured himself. It is payable to him or his order. He was himself the beneficiary in it. No one else had any interest in it. He could have disposed of it by assignment without restriction, and his power of disposition being absolute, of course he could dispose of it by will. It was a part of his estate, and upon his death passed, not to his heirs, but to his executor, to be administered in accordance with the testator’s will. [Wason v. Colburn, 99 Mass. 342; Williams v. Corson, 2 Tenn. Oh. Eep. 269; Weil v. Trafford, 3 Tenn. Ch. Rep. 108.] The judgment is reversed, and judgment is here rendered for appellant as executor, that he recover of said association the amount of the certificate, etc.
Eeversed and rendered.