## Michigan Mutual Life Insurance Company, Complainant, v. Charles Liphart et al.

## On Appeal of Minnie L. Reed, Appellant, v. Charles Liphart, Appellee.

### Gen. No. 17,001.

1. TRUSTS—*insurance policy.* Voluntary statements by a party insured in a policy to a stranger after its issuance do not create or declare a trust in respect to its proceeds and are not binding on the beneficiary, who has a vested right to the fund, unless power to divest her of that right is specially reserved by the assured by some provision of the policy.

2. TRUSTS—*must be created before or contemporaneous with execution of instrument.* Declaration of a grantor to create a trust must be prior to or contemporaneous with the vesting of rights under the instrument under which the trust is claimed.

Appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded with directions. Opinion filed March 4, 1913.

646        APPELLATE COURTS OF ILLINOIS.

Michigan Mutual Life Ins. Co. v. Liphart, 177 Ill. App. 645.

P. H. BISHOP, for appellant.

KRUSE & PEDEN and ROY C. MERRICK, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

Complainant filed a bill of interpleader to require defendants to interplead and set up their respective claims to the proceeds of a policy, which it had issued on the life of one Moir in favor of appellant. By order of court the proceeds were deposited with the clerk of the court and complainant was released from any claim on account thereof.

The decree finds that the proceeds were impressed with a trust to pay Moir's funeral expenses, incurred by appellee to the amount of $169.25, and directs the payment of said sum to appellee, and that the balance of the fund after deducting costs be paid to appellant.

The evidence relied upon in support of a trust of such character was wholly insufficient. The only evidence as to the declarations of Moir prior to, or contemporaneous with, the taking out of the policy, was by appellant and to the effect that the same was taken out for the benefit of her children, and she testified that there was no agreement or understanding by her with Moir of any other character. She expressly denied any agreement with him to pay out of the proceeds the expenses of his last illness and burial. The only evidence relied upon by appellee consisted of alleged statements made by Moir to one Foster after the issuance of the policy to the effect that he carried burial insurance to the amount of $300, and wanted a "good funeral." Such declarations were not admissible to vary the construction of the policy, and were insufficient to raise a trust in respect to its proceeds. Wason v. Colburn, 99 Mass. 342. A trust could not be created or declared by voluntary statements of that character to a stranger after issuance of the policy. Nor were

they binding upon appellant who had a vested right to the fund unless power to divest her of that right was specially reserved to the assured by some provision of the policy. Mutual Life Ins. Co. of New York v. Allen, 212 Ill. 134; 25 Cyc. 889. The policy was lost and there was no evidence of its contents, or that it had any such reservation. The declarations of a grantor to create a trust must be prior to, or contemporaneous with, the vesting of rights under the instrument under which the trust is claimed. 1 Perry on Trusts (3rd Ed.) sec. 77.

In the cases cited by appellee there was either proof of an express trust or admission of its existence by the trustee. There was no proof of that character in this case. Two letters from appellant were received in evidence, presumably as tending to prove such an admission. One was to the company, stating that she was the beneficiary and asking if it had paid the policy to anyone, or the expenses of Moir's illness and burial, and saying that if it had, she was entitled to the balance. The other letter was to a relative of Moir, saying that had she been in Chicago at the time of his death, she would gladly have borne all the expenses of his illness and burial, and that when she collects the insurance money she will confer with him as to such expenses and the payment of the same. These expressions did not constitute admission of her liability to pay such expenses, or that she was the beneficiary of the fund for such purpose.

The decree must be reversed and the cause remanded with directions that a decree be entered, awarding the proceeds of the policy to appellant as the beneficiary named therein.

*Reversed and remanded with directions.*