(84 Misc. Rep. 28)

### JACOBS v. STRUMWASSER.

(Supreme Court, Appellate Term, First Department. January 16, 1914.)

1. INSURANCE (§ 586*)—LIFE POLICY—VESTED INTEREST OF BENEFICIARY.
    Where a husband insures his life for the benefit of his wife by an ordinary life policy, the property in the policy vests at once in the beneficiary.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1470; Dec. Dig. § 586.*]

2. INSURANCE (§ 587*)—LIFE POLICY—VESTED INTEREST OF BENEFICIARY.
    Where the interest of the beneficiary in a life policy is not vested, but the insured reserves the right to change the beneficiary without her consent, the property in the policy is in the insured and liable for his debts.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1469; Dec. Dig. § 587.*]

3. EXECUTION (§ 418*)—SUPPLEMENTARY PROCEEDINGS—EVIDENCE.
    Where, in a supplementary prosecution to punish a debtor for violation of an injunction restraining him from disposing of his property, the only evidence as to the terms of an insurance policy was the statement of the insurance agent, not purporting to be a quotation from the policy, that the policy was payable to the debtor with the wife as beneficiary with the right of a debtor to change the beneficiary without her consent, it was insufficient to show that the policy was not the usual one in which the right of the beneficiary is vested.
    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1201; Dec. Dig. § 418.*]

Appeal from City Court of New York, Special Term.

Proceedings supplementary to execution by William Jacobs, judgment creditor, against Herman Strumwasser, judgment debtor. From an order finding defendant guilty of contempt, he appeals. Reversed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Wesselman & Kraus, of New York City (Bertram L. Kraus, of New York City, of counsel), for appellant.

Isadore Apfel, of New York City (C. Bertram Plante, of New York City, of counsel), for respondent.

PAGE, J. The judgment debtor testified upon his examination in supplementary proceedings that he was carrying a $10,000 life insurance policy with the Northwestern Insurance Company. In support of the motion to punish him for contempt was read the affidavit of the office superintendent of the New York agency of the said insurance company, which states that on May 20, 1913, the debtor and his wife, who was the beneficiary under the policy, jointly applied for and received a loan of $675 upon the policy, a check for which amount was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sent to the debtor on May 22, 1913, payable to himself and beneficiary, and that the policy in question was payable to the debtor's wife, Jennie Strumwasser, with right to the insured to change the beneficiary without the beneficiary's consent. In opposition to the motion were submitted the affidavits of the debtor and his wife that when the policy was first issued in 1906 it was assigned, transferred, and delivered to the beneficiary, the debtor's wife, and has ever since been in her possession, and that the loan upon the policy was obtained for the debtor's wife, and she received all the proceeds thereof.

[1, 2] The principal question to be determined is whether or not the policy was the property of the debtor and liable for his debts. It is well-established law that, where a husband insures his life for the benefit of his wife by an ordinary life policy, the property in the policy vests at once in the beneficiary (Whitehead v. N. Y. Life Ins. Co., 102 N. Y. 143, 6 N. E. 267, 55 Am. Rep. 787), and it cannot be reached by creditors of the husband (Baron v. Brummer, 100 N. Y. 372, 3 N. E. 474; N. Y. Domestic Relations Law, § 52). Provided there are no specific provisions contained in the present policy to take it out of the operation of this rule, it is clear that the property upon which the debtor and his wife obtained the loan was exempt from execution and not within the terms of the injunction, and no fine for contempt could be predicated upon the acts committed. It is claimed, however, upon authority of In re Wolff (D. C.) 21 Am. Bankr. Rep. 452, 165 Fed. 984, and Matter of White, 23 Am. Bankr. Rep. 90, 174 Fed. 333, 98 C. C. A. 205, 26 L. R. A. (N. S.) 451, that, because the policy here in question contained a provision that the beneficiary could be changed by the insured without the consent of the present beneficiary, there was no vested interest in the wife, and the policy was still within the debtor's control and subject to his debts. Had there been any competent evidence before the learned justice at Special Term as to the terms of the policy and the existence of the debtor's right to change the beneficiary at will, it might possibly have brought the case within the rules established by the cases relied upon, namely, that where the interest of the beneficiary is not vested the policy is not payable absolutely to the wife and is within the husband's control and liable for his debts; but the policy has not been placed in evidence, and no competent proof of its terms has been adduced. The only evidence of the terms of the policy is the statement contained in the affidavit of the insurance agent that "the policy in question is payable to Jennie, his wife, with right to change the beneficiary without said beneficiary's consent." This statement does not purport to be a quotation from the policy and is nothing more than a conclusion on the part of the deponent. It is impossible to determine from this evidence that the policy is not the usual one in which the right of the beneficiary is vested. For this reason I am constrained to hold that there was not sufficient competent evidence of the commission by the debtor of a violation of the injunction to sustain the order appealed from.

[3] There is also another ground upon which the order must be reversed. Both the debtor and his wife have sworn to the fact that in 1906 the policy was transferred and delivered to the wife, who was the

sole beneficiary, and has ever since been in her possession. This in itself vested the whole property in the policy in the donee and divested any right which the husband may have had by the terms of the policy to change the beneficiary. McGlynn v. Curry, 82 App. Div. 431, 81 N. Y. Supp. 855. The property in question was therefore not property of the debtor, and he was guilty of no contempt in joining with his wife in obtaining the loan for her benefit.

The order appealed from must be reversed, with $10 costs and disbursements to be applied upon the judgment. All concur.