Matter of Supplementary Proceedings of GEORGE C.
CLARK, Judgment Creditor, *v.* RICHARD W. SHAW,
Judgment Debtor.

(County Court, Bronx County, June, 1915.)

Supplementary proceedings — jurisdiction of County Court of Bronx
county — receiver — Code Civ. Pro., § 2447 — Domestic Relations
Law.

   The County Court of Bronx county, upon the institution
therein of proceedings supplementary to an execution, has
jurisdiction to order the judgment debtor to turn over his
property to the receiver appointed by the City Court of the
city of New York under a prior judgment, where such receiver-
ship has been extended to the judgment upon which said sup-
plementary proceedings are based.

   Under section 2447 of the Code of Civil Procedure the
application for such an order may be made by the judgment
creditor.

   On a motion for an order requiring a judgment debtor to
turn over to his receiver in supplementary proceedings a
certain policy of life insurance which, though his wife was
named as beneficiary therein, contains a clause reserving to
the judgment debtor the right to change the beneficiary, the
surrender value of the policy may be applied in payment of
his debts under section 52 of the Domestic Relations Law.

   MOTION for an order requiring the judgment debtor
to turn over to his receiver in supplementary pro-
ceedings a certain insurance policy held by the judg-
ment debtor in the Equitable Life Assurance Society
for $1,000.

   Wallace A. Kroyer (Ralph Barnett, of counsel),
for plaintiff and judgment creditor.

   Martin Gollubier, for defendant and judgment
debtor.

GIBBS, J. This is a motion for an order requiring the judgment debtor herein to turn over to the receiver in supplementary proceedings a certain insurance policy held by the judgment debtor in the Equitable Life Assurance Society for $1,000. In opposition to the motion, counsel for the judgment debtor contends, *first,* that this court has no jurisdiction to entertain the motion and that the motion should have been made in the City Court of the city of New York; *secondly,* that the motion should be made by the receiver and not by the judgment creditor, and *third,* that the wife of the judgment debtor being named as the beneficiary in the insurance policy, the same cannot be reached in payment of the husband's debts. As to the first contention, I hold that this court has acquired jurisdiction of the judgment debtor, the supplementary proceedings having been initiated in this court, and the court therefore has the power to order the judgment debtor to turn over his property to the receiver appointed by the City Court. That the receiver was appointed by the City Court and not by the County Court does not deprive the County Court of authority to make this direction. The second point made by the judgment debtor that this motion should be made by the receiver and not by the judgment creditor is answered by section 2447 of the Code of Civil Procedure, which provides: "Where it appears from the examination or testimony taken in a special proceeding authorized by this article that the judgment debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles of personal property, capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, the judge by whom the order or warrant was

granted or to whom it is returnable may, in his discretion and upon such a notice, given to such persons as he deems just, or without notice, make an order directing the judgment debtor or other person immediately to pay the money or deliver the articles of personal property to a sheriff designated in the order, unless a receiver has been appointed or a receivership has been extended to the special proceeding, and in that case to the receiver." Referring to the third and last contention of the judgment debtor that the policy is not subject to the rights of the judgment .creditor herein because his wife is, under its terms, the beneficiary, I must also rule that it is without merit under the decisions. The judgment debtor having admitted upon his examination that the policy of insurance in question contains a clause reserving to him the right to change his beneficiary, the same may be applied in payment of his debts under section 52 of· the Domestic Relations Law and the cases of *Jacobs.* v. *Strumwasser,* 84 Misc. Rep. 28, and *Lowenstein* v. *Koch,* 165 App. Div. 760. I am not very much impressed with the claim now made by the judgment debtor and his wife that the policy is the property of the judgment debtor's wife and that she had been paying the premiums since 1912 in the light of the judgment debtor's testimony in this examination on the 15th day of January, 1915, wherein he states: "I never turned the policy over to the receiver, although I showed it to the representative of the judgment creditor's attorney, Mr. Cornelius J. Early, and he returned it to me and it has been in my possession ever since." The examination of the judgment debtor shows the usual history of assignments to the wife of property formerly owned by the judgment debtor in an effort to divest himself of property subject to the rights of creditors. I will, however,

take the judgment debtor's statement that his wife paid the last two or three premiums upon his policy (since 1912) at its face value and will order the judgment debtor to turn over to George W. Simpson, Esq., the receiver herein, the policy herein, No. 955241, in the Equitable Life Assurance Society (ordinary life insurance), in the amount of $1,000, which was issued to the defendant on December 30, 1899, and apply so much of the surrender value of this insurance policy as has accrued to the judgment debtor as of the year 1912, and apply the same on account of the judgment in the present proceeding.

Ordered accordingly.