[Civ. No. 1728.  Second Appellate District.—February 9, 1916.]

ISABELLE L. VAWTER, Appellant, v. F. T. PURDY et al.,
Respondents.

MUTUAL BENEFIT ASSOCIATION — BENEFICIARY — RIGHT OF INSURED TO
CHANGE.—In the absence of restrictive provisions of the charter,
by-laws, or rules under which the association operates, a member of
a mutual benefit association has the right to revoke his designation
of a beneficiary and substitute a different one.

ID.—RIGHT TO SELECT STRANGER AS BENEFICIARY.—Where a mutual bene-
fit association is unincorporated and has no by-laws or set of rules
beyond those which are set forth in the circular issued to invite
members, which is accompanied by an application blank to be signed
by the applicant, and the only qualification required is that the
applicant shall be a member in good standing of a certain fraternal
order, and shall not be over sixty years of age and in good health,
the fund is designated as the "widow's benefit fund," and the cir-
cular informs the prospective members that the protection will be
extended to either "wife, children, mother, sister, or friend," a mem-
ber has the right to designate as the beneficiary one who does not
stand in blood relationship to him.

ID.—LIFE INSURANCE—MUTUAL BENEFIT ASSOCIATIONS—DIFFERENCE IN
—RIGHT TO CHANGE BENEFICIARY. — While, under what may be
termed ordinary life insurance policies, no right to change the bene-
ficiary exists, the legal relation of a member of a mutual benefit
association is different, and with respect to the benefits to accrue in
the latter organization, the beneficiaries are possessed of but an
expectancy, as against vested interests which accrue under the ordi-
nary life policies.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Curtis C. Legerton, Judge presiding.

The facts are stated in the opinion of the court.

E. J. Fleming, and B. F. Woodard, for Appellant.

Hahn & Hahn, and W. R. Hervey, for Respondent.

JAMES, J.—Plaintiff, the widow of E. J. Vawter, brought
this action against defendants Purdy and Flint as trustees
of a benefit fund which had been provided by an association
of the nature of a fraternal organization.  Upon the death
of plaintiff's husband claim was made against the trustees for

the sum of $758, to which it was alleged the plaintiff was entitled. Defendant Bassett claimed to be entitled to the same money by reason of having been substituted by the deceased Vawter in place of the original beneficiary, the plaintiff. Defendants Purdy and Flint answered, affirming that Vawter had requested them, as trustees, to pay the benefit fund to defendant Bassett, and averring that they were mere stakeholders, and held the money and would continue to hold the same to be paid pursuant to the judgment of the court. The findings of the court were against the plaintiff, and an affirmative judgment was entered in favor of the defendant Bassett as against the trustees mentioned. The appeal is taken from that judgment. This being an action at law, and the fund not being in court and physically subject to judicial disposition, we are at a loss to see by what authority an affirmative judgment was entered in favor of one defendant as against other defendants, where no cross-complaint was filed. However, if it is to be determined that the judgment against the plaintiff herein was supported by the evidence, then, as the trustee defendants are not complaining, it will be without the province of this court to make any order affecting that judgment. And we think that the judgment determining that the plaintiff was not entitled to collect the money should be sustained.

Under the facts as stipulated it appears that a mutual benefit association was organized for the purpose of providing a death benefit fund which would be paid to a beneficiary selected by a member. The total sum required to be paid in the first instance by each person, in order to secure membership, was $2.20. Thereafter, upon the death of any member, an assessment of $1.10 would be levied against each member of the association, and all of the fund so raised, except for a deduction of ten cents for each member, would be the amount paid to the beneficiary. Therefore, it appears that the amount of the benefit would be variable, depending altogether on the total of the membership at the time of the death of a member. It is not shown that the organization was incorporated, or that it had any by-laws or set of rules beyond those which were set forth in the circular issued to invite members and which was accompanied by an application blank to be signed by the applicant. The only qualification required was that the applicant should be a member in good

standing of a certain fraternal order, and that he should be
not over sixty years of age and in good general health. While
the fund was designated as the ''widow's benefit fund,'' the
circular issued informed the prospective members that the
protection would be extended to either ''wife, children,
mother, sister, or friend.'' The word ''friend,'' of course,
quite plainly was intended to include any person whatsoever,
in addition to those mentioned as being in certain relation-
ship with the member. The deceased, E. J. Vawter, at the
time he became a member of the association, designated his
wife, the plaintiff herein, as the person who should receive
the benefit in the event of his death. Thereafter he notified
the association of a change of beneficiary, then designating
E. J. Vawter, Jr., as trustee for two persons named. About
two years later he wrote to the secretary of the association as
follows: ''I now desire to change the beneficiary named therein
and to make my friend, Mary C. Bassett, Ocean Park, Cali-
fornia, the person to whom the payment shall be made at my
decease. In no case is payment to be made to Isabelle L.
Vawter, the beneficiary heretofore named in ·my application
No. 653.'' In response to this letter the secretary wrote to
Vawter, informing him that his instructions with regard to
the last change of beneficiary had been complied with. The
question involved, and the only question entitled to considera-
tion, is as to whether Vawter had the right to make the change
of a beneficiary so as to give to the defendant Bassett the
death benefits. As to this question, notwithstanding the argu-
ment for appellant to the contrary, we think that the au-
thorities preponderate to the effect that a member of such an
association as that described has the right, in the absence of
restrictive provisions of the charter, by-laws, or rules under
which the association operates, to revoke his designation of a
beneficiary and substitute a different one. It would seem
to serve no good purpose to multiply citation of authorities
to that point. The courts sustaining the general rule have
held that, while under what may be termed ordinary life in-
surance policies, no right to change the beneficiary exists, the
legal relation of a member of a mutual benefit association is
different, and that with respect to the benefits to accrue in
the latter organizations the beneficiaries are possessed of but
an expectancy, as against a vested interest which accrues
under the ordinary life policies. The law is stated and a

large number of authorities are collected by the two text-writers whose works we have examined: Bacon on Benefit Societies and Life Insurance, third edition, section 306, where the writer says: "The accepted doctrine, now generally approved by all the authorities, is that the beneficiary may be changed if the laws of the order so provide, or if, when such transfer is not prohibited by the laws of the society, the certificate or policy has not been delivered to the beneficiary." In Niblack on Benefit Societies and Accident Insurance, at section 212, page 405, this statement is made: "So far as outward appearances may indicate, there is little difference between an ordinary policy of life insurance and a contract of mutual benefit insurance. But it has been held with substantial unanimity, whenever the question has arisen, that, in mutual benefit societies, the contract of insurance is between the society and the member, that the beneficiary acquires no vested right in the benefit fund which is to accrue upon the death of the member, until the death takes place, and that, during his life, therefore, the member may change his beneficiary without other limitations or restrictions than such as are imposed by the organic law, the articles of incorporation, the by-laws, or the certificates of the society." The authorities cited in the latter text-book under the section to which we have referred are in the main those which find place in the briefs of counsel. Those authorities mentioned below, which are cited to the additional point raised by counsel, are in line with the general current of authority.

The point is made that Mary C. Bassett, not sustaining any blood relationship toward the deceased, was not eligible to be named as a beneficiary by him. This is not a case illustrating the law that a person, in order to take out insurance upon the life of another, must possess what is called an "insurable interest" in the life of the person insured. The facts shown here were that Vawter made application for the insurance in his own behalf and paid whatever sums of money were required to be paid in discharge of his obligations as a member of the fund. The contract expressly permitted him to select as a beneficiary persons other than those standing in blood relationship with him. In the absence of any statute or contract restricting the right of the insured as to the classes of persons from whom he may select his beneficiary, the utmost freedom of choice in that regard exists. (*Titsworth* v. *Tits-*

*worth,* 40 Kan. 571, [20 Pac. 213] ; *Overbeck* v. *Overbeck,* 155 Pa. St. 5, [25 Atl. 646] ; *Sabin* v. *Phinney,* 134 N. Y. 423, [30 Am. St. Rep. 681, 31 N. E. 1087].)

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.