[Civ. No. 9617. First Appellate District, Division Two.—January 16, 1935.]

ROBERTA G. COMEGYS, Respondent, v. NATIONAL UNION ASSURANCE SOCIETY (a Corporation), Defendant; EVELYN ELAINE COMEGYS, a Minor, etc., Appellant.

Manuel F. Sylva for Appellant.

Orrick, Palmer & Dahlquist for Respondent.

SPENCE, J.—Plaintiff, a sister of Lloyd C. Comegys, deceased, brought this action against defendant National Union Assurance Society, a fraternal benefit society, to recover the sum of $5,000 as the proceeds of a certain benefit certificate issued by said society to said Lloyd C. Comegys, during his lifetime. Evelyn Elaine Comegys, a minor, and the daughter of said deceased, intervened. Pursuant to stipulation of all parties and an order of court based thereon, the defendant society paid the proceeds of the benefit certificate to a trustee to abide the result of this litigation between plaintiff and the intervener. The action was thereupon dismissed as to the defendant society. Upon the hearing of the demurrer to the second amended complaint in intervention, the trial court sustained said demurrer without leave to amend. Judgment was entered ordering the dismissal of said second amended complaint in

intervention and further ordering that the intervener take nothing in said action. Said intervener appeals from said judgment.

The controversy here is solely between the rival claimants for the proceeds of said benefit certificate. Plaintiff, the sister of the assured, was the named beneficiary. The intervener, the daughter of said assured, was a minor of the age of nineteen years. Her mother, who was appointed as guardian *ad litem* for the intervener, was the divorced wife of said assured. The final decree of divorce had been obtained in 1914, and said decree, as modified in 1920, ordered the assured to pay the sum of $30 per month for the support and maintenance of said intervener. The complaint of plaintiff, the named beneficiary, against the defendant society was in the usual form. The complaint in intervention was in three counts.

The intervener states as follows: ''The question involved is—Does intervener's complaint state a cause of action for said proceeds? In substance, the first count alleges that she is a minor and the only child of assured; that pursuant to a divorce decree, assured, her father, was ordered to maintain her. The second count alleges that assured promised to maintain her all her life and that she would be taken care of from said proceeds. The third count alleges that said beneficiary had no insurable or pecuniary interest in life of insured and that intervener was a dependent of assured. All counts allege that insured left no property or funds for said purposes except said proceeds.'' The intervener contends that each of said counts states facts sufficient to support her complaint in intervention for the proceeds of said benefit certificate, but in our opinion the intervener's contention cannot be sustained as to any one of said counts.

We shall first consider the third count of the complaint in intervention in which it is alleged that plaintiff had no insurable interest in the life of the assured. In both the complaint and the complaint in intervention, it was alleged that the defendant society issued its benefit certificate to Lloyd C. Comegys, the assured. The question of insurable interest was therefore wholly immaterial. This is clearly indicated by language in *Boyer* v. *United States F. & G. Co.*, 206 Cal. 273 [274 Pac. 57], where the court said

at page 279 [206 Cal.] : "It is a matter of common knowledge that one may not obtain an insurance policy upon the life of another in whom the applicant has no insurable interest. It is not so generally known, however, that the rule is otherwise where the applicant obtains a policy on his own life. .(14 Cal. Jur. 468; 14 R. C. L. 920.)" See, also, *Woodmen of the World* v. *Rutledge,* 133 Cal. 640 [65 Pac. 1105]; *Vawter* v. *Purdy,* 29 Cal. App. 623 [157 Pac. 556]; 1 Cooley's Briefs on Insurance, 2d ed., p. 336. These authorities clearly establish the rule that where one takes out a policy of insurance on his own life, he may ordinarily name any person as his beneficiary regardless of whether said beneficiary has an insurable interest in the life of the assured.

This general rule has been modified by statute in this state as to fraternal benefit societies. (Stats. 1931, chap. 628, sec. 6.) It is the contention of the intervener that under said statute a sister may be named as beneficiary in a benefit certificate issued by such fraternal benefit society only in the event that the assured has no wife, husband or children. This contention is without merit. Said statute reads in part: "Payment of death benefits may be made only to the member's wife, husband, relative by blood to the fourth degree . . . " In the present case, the beneficiary was the sister of the assured and therefore a relative by blood in the second degree. (Probate Code, sec. 253.) After naming the classes of persons to whom payment of death benefits may be made, said statute continues, "provided further, that if the member has no wife, husband or children, then such member may designate as beneficiary, direct or in trust, any person or persons, entity, or interest, or the member's estate as may be permitted by the laws of the society". The intervener relies upon this last-quoted portion of said statute, but we are of the opinion that said provision merely eliminates the restrictive provisions of the first-quoted portion thereof in the event that the assured has no wife, husband or children. It cannot be construed to mean that if assured has a wife, husband or children, said assured may not name some other beneficiary within the classes of persons mentioned in the first-quoted portion of the statute.

■ Turning to the first count of the complaint in intervention, we find that it alleges an obligation on the part of the assured for support of the intervener based upon a decree of divorce procured by her mother. It is not alleged whether the decree ordered payment to the mother or to the intervener, but the parties have treated the intervener rather than the mother as the judgment creditor thereunder. Assuming that said decree as modified in 1920 directed that payment be made to the intervener, her position was merely that of a judgment creditor. (*San Diego Trust etc. Bank* v. *Heustis,* 121 Cal. App. 675 [10 Pac. (2d) 158].) It is well settled that in the absence of fraud or a statutory provision to the contrary, any life insurance taken out by the assured in favor of another is payable to the named beneficiary as against the creditors and personal representatives of the assured. (*Lowenstein* v. *Koch,* 165 App. Div. 760 [152 N. Y. Supp. 506]; *United States Mortgage & Trust Co.* v. *Ruggles,* 258 N. Y. 32 [179 N. E. 250, 79 A. L. R. 802]; *Lehman* v. *Gunn,* 154 Ala. 369 [45 So. 620]; *In re Donaldson's Estate,* 126 Iowa, 174 [101 N. W. 870]; *Proctor* v. *MacClaskey,* 278 Mass. 238 [179 N. E. 600]; 7 Cooley's Briefs on Insurance, 2d ed., p. 6499.) No fraud was alleged here and our attention has not been called to any statutory provision applicable to the point under discussion. The case of *Jacobs* v. *Strumwasser,* 84 Misc. 28 [145 N. Y. Supp. 916], is relied upon by the intervener, but it is not helpful. It dealt only with the right of a creditor to realize upon the cash surrender value of a life insurance policy during the lifetime of the assured. It did not deal with the question of whether the proceeds of a life insurance policy are subject to the debts of the assured after his death, and the case is entirely in harmony with *Lowenstein* v. *Koch, supra.* We are therefore of the opinion that the allegations of the first count of the complaint in intervention were insufficient.

■ It is somewhat difficult to ascertain the theory of the intervener with respect to the second count of the complaint in intervention. If the intervener is relying upon an alleged agreement of the assured to establish a contractual obligation upon the part of the assured, the most that can be said is that the intervener alleged that she

was a creditor of the assured and the above discussion is a sufficient answer to her contention. She cites and relies upon *Silvey* v. *Hodgdon*, 52 Cal. 363. There the assured and the named beneficiary agreed that said beneficiary would hold the proceeds of the policy in trust for the children of the assured and the court enforced the trust. Here no such agreement was alleged and the discussion of the court on page 369 of the decision last cited clearly indicates the insufficiency of the pleading here to show that any valid trust was created.

From what has been said, we conclude that the allegations of the second amended complaint in intervention were insufficient to establish any right on the part of the intervener to the proceeds of the benefit certificate or any part thereof, and that the demurrer thereto was properly sustained.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.