(165 App. Div. 760)

### LOWENSTEIN v. KOCH.

(Supreme Court, Appellate Division, First Department. January 22, 1915.)

INSURANCE ☞590—PROCEEDS OF POLICY—BENEFICIARY—JUDGMENT CREDITOR.
    Where a judgment debtor, owning a life insurance policy payable to his estate and containing a clause which permitted him to change the beneficiary at will, had in good faith appointed a beneficiary prior to rendition of the judgment, and no receiver was appointed in the proceedings supplementary to execution, or steps taken to enforce the judgment lien, prior to the debtor's death, the beneficiary, rather than the judgment creditor,. was entitled to the proceeds of the policy on death of the debtor.
    [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1479, 1482,. 1485; Dec. Dig. ☞590.]

Appeal from Special Term, New York County.

Action by S. Albert Lowenstein against Lulu Koch. From an order granting plaintiff's motion for judgment on the pleadings, after defendant had interposed a demurrer to the complaint, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-LIN, HOTCHKISS, and SCOTT, JJ.

Alfred L. Rose, of New York City, for appellant.
S. A. Lowenstein, of New York City, for respondent.

SCOTT, J. Plaintiff sues as a judgment creditor of Robert Friedman, deceased, against whom he recovered a judgment in May, 1912. Supplementary proceedings were instituted, which had not been terminated when the judgment debtor died, although no receiver had been appointed.

On August 8, 1899, Friedman had taken out a policy of life insurance payable to his estate, but which contained a clause permitting the assured to change the beneficiary at will. On April 9, 1900, Friedman exercised this right by making the defendant, his sister, the beneficiary,. and she so remained until ·his death, when she collected the amount of the insurance. The object of the present action is to compel her to apply the money so collected, or so much thereof as is necessary, to the payment of plaintiff's judgment.

The order appealed from is sought to be sustained on the theory that until the death of the assured, and consequently when the supplementary proceedings were instituted the defendant's interest in the policy was merely contingent, subject to be divested by a further change in

the beneficiary by act of the assured. But the defendant's right became vested upon the death of the assured, and it is in consequence of that fact that she became entitled to collect the insurance. Undoubtedly, so long as he lived, the judgment debtor retained an interest in the contract of insurance, arising out of his reserved right to change the beneficiary at will, and if appropriate action had been taken during his lifetime to realize upon that interest the judgment creditor might have been able to collect something to be applied upon the judgment. This is the extent to which the federal courts have gone in the cases cited to us by plaintiff. But what the plaintiff would have been entitled to realize upon in that case would have been the executory contract then held by the judgment debtor, and all that could have been realized would have been the then value of the contract to the assured, not the amount which would become due upon the policy upon the death of the assured. Upon his death the defendant's right to the amount agreed to be paid at the happening of that event became the absolute property of the defendant.

The plaintiff's claim that by the institution of the summary proceedings he obtained an equitable lien upon the proceeds of the policy is untenable. The most that he obtained was a quasi lien upon the executory contract of insurance to the extent that if a receiver had been appointed, or a creditor's action had been begun, during the judgment debtor's lifetime, the claim of title to the policy would have related back to the commencement of the supplementary proceedings. So soon as the assured died, and defendant's rights became fixed and vested, whatever lien was acquired by the institution of the supplementary proceedings necessarily expired, because the contract became fully executed.

The question of the right of the assured to change the beneficiary during his lifetime is not involved in this case, and for that reason many of the authorities relied upon by the plaintiff are inapplicable, nor is there any claim that the designation of defendant as beneficiary, made 12 years before the recovery of plaintiff's judgment, was made in fraud of plaintiff, or with intent to defeat his judgment.

Our conclusion is that, while it may be that plaintiff could have realized something from the policy of insurance while the debtor still lived, and could change the beneficiary at will, the defendant's interest in the policy became vested, and her right to receive the insurance absolute, the moment the assured died without having designated a new beneficiary, and before plaintiff had taken any effective steps to enforce his alleged lien upon the contract of insurance. The result is that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to plaintiff to serve an amended complaint upon payment of said costs.

Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, with leave to plaintiff to amend on payment of costs.

INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, and HOTCHKISS, JJ., concur.