(91 Misc. Rep. 245)

### CLARK v. SHAW.

(Bronx County Court.  June, 1915.)

1. EXECUTION ⬅⬅371—SUPPLEMENTARY PROCEEDINGS—JURISDICTION—RECEIVERS.

On the institution in the County Court of Bronx county of proceedings supplementary to an execution, such County Court has jurisdiction to order that the judgment debtor turn over his property to a receiver appointed by such City Court under a prior judgment, where the receivership has been extended to judgment on which the supplementary proceedings are based.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1097, 1098, 1134; Dec. Dig. ⬅⬅371.]

---

⬅⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. EXECUTION ⬡⟶361—SUPPLEMENTARY PROCEEDINGS—APPLICATION FOR OR-
     DER—PARTIES.
       Under the express provisions of Code Civ. Proc. § 2447, the judgment
     creditor may apply for such order.
       [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1094; Dec. Dig.
     ⬡⟶361.]

3. EXECUTION ⬡⟶364—SUPPLEMENTARY PROCEEDINGS—PROPERTY SUBJECT—
     PROCEEDS OF LIFE INSURANCE POLICY.
       On a motion for an order requiring a judgment debtor to turn over to
     his receiver in a supplementary proceeding a life insurance policy, nam-
     ing his wife as beneficiary, but containing a clause reserving to the judg-
     ment debtor the right to change the beneficiary, the surrender value of
     the policy may be applied in payment of his debt, under Domestic Rela-
     tions Law (Consol. Laws, c. 14) § 52, relative to insurance on the hus-
     band's life.
       [Ed. Note.—For other cases, see Execution, Cent. Dig. § 1094; Dec.
     Dig. ⬡⟶364.]

Supplementary proceedings of George C. Clark, as judgment creditor,
against Richard W. Shaw, as judgment debtor. On motion for an or-
der requiring the judgment debtor to turn over to his receiver a cer-
tain insurance policy. Motion granted.

Wallace A. Kroyer, of New York City (Ralph Barnett, of New York
City, of counsel), for plaintiff.
Martin Gollubier, of New York City, for defendant.

GIBBS, J. This is a motion for an order requiring the judgment
debtor herein to turn over to the receiver in supplementary proceed-
ings a certain insurance policy held by the judgment debtor in the
Equitable Life Assurance Society for $1,000. In opposition to the
motion, counsel for the judgment debtor contends, first, that this court
has no jurisdiction to entertain the motion, and that the motion should
have been made in the City Court of the city of New York; secondly,
that the motion should be made by the receiver, and not by the judg-
ment creditor; and, third, that the wife of the judgment debtor be-
ing named as the beneficiary in the insurance policy, the same cannot
be reached in payment of the husband's debts.

[1] As to the first contention, I hold that this court has acquired
jurisdiction of the judgment debtor, the supplementary proceedings
having been initiated in this court, and the court therefore has the
power to order the judgment debtor to turn over his property to the
receiver appointed by the City Court. That the receiver was appointed
by the City Court and not by the County Court does not deprive the
County Court of authority to make this direction.

[2] The second point made by the judgment debtor, that this mo-
tion should be made by the receiver, and not by the judgment creditor,
is answered by section 2447 of the Code of Civil Procedure, which
provides:

"Where it appears, from the examination or testimony taken in a special
proceeding authorized by this article, that the judgment debtor has, in his
possession or under his control, money or other personal property, belonging
to him, or that one or more articles of personal property, capable of delivery,
his right to the possession whereof is not substantially disputed, are in the

⬡⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

possession or under the control of another person, the judge, by whom the order or warrant was granted, or to whom it is returnable, may, in his discretion, and upon such a notice, given to such persons, as he deems just, or without notice, make an order, directing the judgment debtor, or other person, immediately to pay the money, or deliver the articles of personal property, to a sheriff, designated in the order, unless a receiver has been appointed, or a receivership has been extended to the special proceeding, and in that case to the receiver."

[3] Referring to the third and last contention of the judgment debtor, that the policy is not subject to the rights of the judgment creditor herein, because his wife is, under its terms, the beneficiary, I must also rule that it is without merit under the decisions. The judgment debtor having admitted upon his examination that the policy of insurance in question contains a clause reserving to him the right to change his beneficiary, the same may be applied in payment of his debts under section 52 of the Domestic Relations Law, and the cases of Jacobs v. Strumwasser, 84 Misc. Rep. 28, 145 N. Y. Supp. 916, and Lowenstein v. Koch, 165 App. Div. 760, 152 N. Y. Supp. 506. I am not very much impressed with the claim now made by the judgment debtor and his wife that the policy is the property of the judgment debtor's wife, and that she had been paying the premiums since 1912, in the light of the judgment debtor's testimony in this examination on the 15th day of January, 1915, wherein he states:

"I never turned the policy over to the receiver, although I showed it to the representative of the judgment creditor's attorney, Mr. Cornelius J. Early, and he returned it to me, and it has been in my possession ever since."

The examination of the judgment debtor shows the usual history of assignments to the wife of property formerly owned by the judgment debtor in an effort to divest himself of property subject to the rights of creditors. I will, however, take the judgment debtor's statement that his wife paid the last two or three premiums upon his policy (since 1912) at its face value, and will order the judgment debtor to turn over to George W. Simpson, Esq., the receiver herein, the policy herein, No. 955241, in the Equitable Life Assurance Society (ordinary life insurance), in the amount of $1,000, which was issued to the defendant on December 30, 1899, and apply so much of the surrender value of this insurance policy as has accrued to the judgment debtor as of the year 1912, and apply the same on account of the judgment in the present proceeding.

Ordered accordingly.