MARION T. ELTONHEAD, Respondent, *v.* THE TRAVELERS INSURANCE COMPANY, Appellant.

First Department, March 9, 1917.

Insurance — action at law on life insurance policy — change of bene-ficiary — assignment of policy — pendency of action by assignee — evidence — suit in equity — assignee holding policy a necessary party.

In an action at law the plaintiff, the wife of the insured and originally designated as beneficiary, alleged that she was the beneficiary designated in the policy; that no other beneficiary had been designated in a manner provided by the policy; that her husband " for a good and valuable consideration duly gave and delivered " the policy to her, and that the defendant is now liable for the amount due. The defendant put in issue the allegations as to the gift to the plaintiff and with respect to there not having been a lawful change of the beneficiary, and alleged that the beneficiary was duly changed from the plaintiff to his estate, and that thereupon all the rights of the plaintiff ceased and terminated; and further alleged assignments of the policy and the payment of the premiums by the first assignee, and that a second assignee holds the policy claiming to be the rightful owner and to be entitled to all amounts due thereunder. The defendant also pleaded a defect of parties, in that neither the executor, administrator nor assignee of the insured had been joined, and the pendency of an action brought by the second assignee in another State on the same policy. The defendant proved the above allegations.

*Held,* on all the evidence, that the plaintiff failed to establish a clear legal right to recover on the policy, and that the complaint should be dismissed.

If the action were in equity it would be the duty of the court to refrain from proceeding to judgment until the second assignee, who holds and claims to own the policy, is brought in as a party.

The plaintiff by having been originally designated as beneficiary, obtained no vested right, for the policy authorized the insured to change the beneficiary.

APPEAL by the defendant, The Travelers Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of June, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 30th day of June, 1916, denying defendant's motion for a new trial made upon the

minutes, with notice of an intention to bring up for review an intermediate order entered in said clerk's office on the 30th day of March, 1916, denying defendant's motion for a commission to take the testimony of one Frank M. Cox.

*William J. Moran*, for the appellant.

*R. Dulany Whiting*, for the respondent.

LAUGHLIN, J.:

This is an action to recover on a policy of life insurance issued by the defendant on the 11th day of October, 1905, on the life of Edward Y. Eltonhead, plaintiff's husband, now deceased, and in which the plaintiff was named as beneficiary. The provision, however, designating the plaintiff as beneficiary authorized the decedent to change the beneficiary as therein provided. It was provided that the authority to change the beneficiary might be exercised at any time if the contract of insurance had not been assigned and that such change of beneficiary should take effect only upon the written consent of the company being indorsed on the policy and that thereupon the rights of the former beneficiary should cease. It was further provided that no assignment of the policy should be binding on the company unless made by an instrument in writing indorsed on or attached to the policy, nor unless a duplicate thereof was forthwith furnished to the company and that the company should not be responsible for the validity of any assignment, and that any claim of the assignee should be subject to proof of his interest and of the extent thereof.

The defendant is a corporation organized under the laws of Connecticut and its home office is in that State. The policy is dated at the home office of the company and appears to have been delivered at Chicago, Ill., where plaintiff and her husband resided at the time. The plaintiff did not have the policy in her possession when this action was commenced or at any time thereafter. It was produced on the trial by the defendant in connection with the deposition of one Sharpe, a resident of Chicago, who claimed title thereto by virtue of an assignment from one Schulein to whom plaintiff's husband had assigned it;

but it was introduced in evidence by the plaintiff.   The defendant introduced in evidence a writing attached to the policy in the form of a communication from the insured to the defendant dated Chicago, Ill., September 14, 1908, giving notice of a change of beneficiary from the plaintiff to the executors, administrators or assigns of the insured and that the policy had not been assigned, and the writing contained a further notice that the insured had appointed said Schulein his true and lawful attorney to change the beneficiary.   There was also attached to the policy another instrument which the defendant introduced in evidence.   It bears date the 2d day of April, 1909, and by it the insured in consideration of $1,000 paid to him by said Schulein assigned, transferred and set over unto Schulein the policy.   There was also attached to the policy a letter from the company to Schulein under date of September 15, 1911, acknowledging the receipt of the said letter from the insured to the company changing the beneficiary, and also a copy of said assignment with a notice that the company filed the same and made a record of the receipt thereof but assumed no responsibility for the validity thereof.   Schulein from the time of the assignment of the policy to him paid all subsequent premiums thereon.

Shortly after the assignment to Schulein the insured changed his residence from Chicago to New York city where he engaged in business until his death which occurred on the 6th day of April, 1914.   On the 23d day of April, 1914, Schulein assigned and delivered the policy to said Sharpe in consideration of the payment to him of $1,634.23.

Plaintiff brought a former action against the company on the policy in the Supreme Court, New York county, in which she was nonsuited on the ground that Sharpe, the assignee, was a necessary party.   It appears that Sharpe attended the first trial and refused to become a party defendant.   Sharpe thereafter brought an action against the company on the policy in Illinois, and subsequently plaintiff brought this action, alleging the same facts she alleged in the first action and no others. The plaintiff alleges that she is the beneficiary designated in the policy; that no other beneficiary has been designated in the manner provided by the terms of the policy; that on or about

the 15th day of October, 1905, her husband "for a good and valuable consideration duly gave and delivered" the policy of insurance to her, and that the amount, namely, $3,000, which the defendant by the policy became obligated to pay is due and payable to her. The defendant by its answer put in issue the allegations as to the gift of the policy to the plaintiff and with respect to there not having been a lawful change of the beneficiary and alleges that the beneficiary was duly changed from the wife of the insured to his estate, and that thereupon all the rights of the plaintiff ceased and terminated; and further alleges the assignments of the policy and the payment of the premiums by the first assignee and that Sharpe holds the policy claiming to be the rightful owner and holder thereof and to be entitled to all amounts due thereunder. The defendant also pleaded a defect of parties in that neither the executor, administrator nor assignee of the insured has been joined, and the pendency of the action brought by Sharpe in Illinois on the same policy and alleged that Sharpe is, and at all times mentioned in the pleadings was, a resident of the State of Illinois.

The plaintiff, over objections and exceptions duly taken by the defendant on the ground that the evidence was incompetent under the provisions of section 829 of the Code of Civil Procedure, was allowed to testify to a conversation and transactions with her deceased husband relating to the delivery of the policy by him to her, and the consideration therefor, and the subsequent transactions between him and her with respect to the policy. Her testimony thus received is the only evidence in support of her claim that there was a delivery of the policy to her by her husband as a gift or for a valuable consideration. The defendant proved the facts above stated with respect to the change of beneficiary, and the assignments of the policy, and the claim made against it by Sharpe, and the pendency of the action brought by him on the policy in Illinois.

It appears by the opinion of the trial court that the verdict was directed for the plaintiff on the theory that there had been a valid gift and delivery of the policy to the plaintiff prior to the attempted change of beneficiary and prior to the assignment of the policy by the insured.

The learned counsel for the appellant contends that in any

event, inasmuch as Sharpe is a non-resident, and is unwilling to be made a party defendant, the company had the right, as it did, to defend upon the ground of Sharpe's title, and that since the testimony of the plaintiff so received would not have been competent as against Sharpe, it was not competent as against the appellant, and he cites in support of his contention, among other decisions, *Richardson* v. *Emmett* (170 N. Y. 412) and *Mullins* v. *Chickering* (110 id. 513), and draws attention to the fact that in *Foley* v. *New York Savings Bank* (157 App. Div. 868), relied on by respondent, no such defense was pleaded. We do not deem it necessary to express an opinion on these points for we are of opinion that the action cannot be maintained even if the plaintiff be given the benefit of that testimony and that the complaint should have been dismissed. This action has been brought and is sought to be maintained as an action at law. No equitable relief is demanded. The plaintiff claims the right, regardless of any claim that may be made by Sharpe, who holds the policy under the assignments, to recover upon the ground that she was originally designated the beneficiary, and that the policy was delivered to her either as a gift or in consideration of moneys advanced and to be advanced to her husband. If the action were in equity it would be the duty of the court to refrain from proceeding to judgment until Sharpe, who holds and claims to own the policy, is brought in, so that the right to the policy as between the plaintiff and Sharpe might be litigated and finally adjudicated. (*Steinbach* v. *Prudential Ins. Co.*, 172 N. Y. 471; *Mahr* v. *Norwich Union Fire Ins. Society*, 127 id. 452.) The plaintiff, however, has seen fit to bring an action at law, and insists upon her right to have it tried without the presence of Sharpe. But to recover against the insurance company, which does not admit her claim and stands upon all the provisions of the policy, admitting, however, its liability to the lawful owner thereof, she must show a clear *legal* right to recover on the policy. That, I think, she has failed to do. By having been originally designated the beneficiary she obtained no vested right, for the policy authorized the insured to change the beneficiary, which distinguishes the case from *Whitehead* v. *New York Life Ins. Co.* (102 N. Y. 143). The only transfer of title

to the policy by which the insurance company contracted to be bound was by an assignment in writing, a duplicate of which was to be forwarded to the company. The plaintiff claims no such assignment and she failed to show compliance with the provisions of the policy relating to an assignment thereof. Since she takes nothing by virtue of having been originally designated the beneficiary, her position with respect to her title is precisely the same as if the policy had originally been made payable to the administrators, executors or assigns of the insured and he had delivered it to her as she claims.

There is no provision of the policy requiring its production and surrender by the claimant as a condition precedent to the liability of the company. It is claimed that since the liability of the company is evidenced only by the policy, the policy should be produced by one claiming under it in an action at law, and *Hirsch* v. *Mayer* (165 N. Y. 236) is cited as tending to sustain that contention. That point, however, need not be decided, for since the only theory on which plaintiff can recover as against the company is as assignee, and she fails to show an assignment in accordance with the terms of the policy, and it appears that another holds the policy under such an assignment, the company cannot be compelled to recognize her claim without an adjudication that Sharpe's claim is not well founded. (See *McGlynn* v. *Curry*, 82 App. Div. 431; *Hasberg* v. *Moses*, 81 id. 199, 202; *Read* v. *Marine Bank*, 136 N. Y. 454; *Van Alstyne* v. *National Commercial Bank*, 4 Abb. Ct. App. Dec. 449; *Taylor* v. *Millard*, 118 N. Y. 244.)

The provisions of the policy with respect to the formalities essential to an assignment are for the benefit and protection of the company (*McGlynn* v. *Curry*, *supra*), and, although it does not question its liability on the policy to the true owner thereof, it properly invokes them here and claims that plaintiff has not such title as it is bound to recognize. Since plaintiff insists that she is entitled to recover without having the rights of Sharpe adjudicated it was necessary for the defendant to interpose this objection in order to prevent a double recovery against it on the policy. Without considering any other questions, therefore, we are of opinion that the appellant's motion for a dismissal of the complaint should have been granted.

**176** U. S. FIDELITY & GUARANTY CO. *v.* CARNEGIE TRUST CO.

First Department, March, 1917. [Vol. 177.

It follows that the judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

SCOTT, DOWLING, SMITH and DAVIS, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.