STEWART MAURICE, as Receiver in the Matter of Proceedings Supplementary to Execution under a Judgment in Favor of SOLOMON GERSHMAN, Plaintiff, *v.* THE TRAVELERS INSURANCE COMPANY and Others, Defendants.

Supreme Court, New York Special Term, September, 1923.

Insurance — debtor and creditor — receiver in supplementary proceedings — policy of insurance on debtor's life payable to wife — right to change beneficiary — when receiver cannot compel debtor to make change and elect to receive cash surrender value.

A policy of life insurance contained a clause that if the contract was not assigned the insured might at any time during its continuance change the beneficiary and that when by appropriate proceedings such change had been effected all rights of the former beneficiary should cease. By the terms of the policy its cash surrender value was made payable to the insured in the form of a loan upon the assignment of the policy to the insurer by all parties in interest, or in case of default in the payment of a premium when due then upon the surrender of the policy should the insured so elect. Upon the trial of an action brought by the receiver in supplementary proceedings instituted upon a judgment recovered against the insured, to obtain a judgment that he be directed and required to surrender the insurance policy to the defendant insurance company and that it be required to accept such surrender and to pay to the plaintiff the full surrender value of said policy, it appeared that there had been no assignment of the policy and no change of the beneficiary, who is the wife of the insured. *Held,* that regardless of whether the wife's right in the policy was inchoate, contingent or vested she was entitled to recover the amount of the policy at her husband's death unless and before that time the beneficiary

had been changed or the policy surrendered and she could neither be compelled to assign her interest therein, to refrain from paying the premiums nor to surrender the policy.

The property right of the judgment debtor in the policy did not include a right to the surrender value thereof unless and until his power to change the beneficiary was actually exercised, and that power he could exercise for his own benefit only by depriving his wife of provision for her support after his death, which under the provisions of section 52 of the Domestic Relations Law would clearly have been free from the claim of his creditors if the power to change the beneficiary had not been retained.

The plaintiff, therefore, can obtain the surrender value of the policy only after a judicial determination that equitably the insured should exercise the power to change the beneficiary, and, as in the circumstances recited in the complaint the court can make no such determination, plaintiff's motion for judgment on the pleadings will be denied and judgment ordered dismissing the complaint.

Action to recover surrender value of insurance policy on life of judgment debtor.

*Milton Hart,* for plaintiff.

*William J. Moran,* for defendants.

Lehman, J.  In January, 1920, the defendant Travelers Insurance Company issued and delivered to the defendant Max Berliner its policy of insurance whereby it insured the life of the defendant Max Berliner in the sum of $1,000 payable to the defendant Annie Berliner, his wife, upon his decease.   The policy contains a clause: " Provided this contract is not assigned the Insured may at any time and from time to time during its continuance, change the Beneficiary to take effect only when such change and the written consent of the Company thereto are indorsed upon the contract at the Home Office of the Company or attached thereto, whereupon all rights of the former Beneficiary shall cease."   There has been no assignment of the policy of insurance and no change of beneficiary.   The plaintiff has now brought this action to secure a judgment " that the defendant Max Berliner be directed and required to surrender said insurance policy to the defendant Travelers Insurance Company and that the said defendant Travelers Insurance Company be required to accept such surrender and to pay to plaintiff  *  *  *  the full surrender value of said insurance policy."

The defendants have interposed answers to the complaint and the plaintiff now moves for judgment on the pleadings in his favor and upon that motion the defendants have challenged the sufficiency of the complaint.

The policy of insurance provides that " on demand in writing to the Home Office of the Company after two full years' premiums shall have been paid, the Insured may borrow at any time during the year on the sole security of this contract, an amount not

exceeding the cash value at the end of the current insurance year as specified in the table of cash values hereinafter set forth  *  *  * the contract shall be assigned by all the parties in interest thereunder," and the complaint alleges " that under said provision of said policy the same now has a cash surrender value of $231.81 payable to the defendant Max Berliner." There is no other allegation in the complaint to show that the judgment debtor, Max Berliner, could under any circumstances obtain from the insurance company any cash surrender value, but the policy of insurance which is annexed to the answer shows that it contains another provision that " if any premium shall not be paid on or before the date when due  *  *  *  upon written request made by the insured within three months from said due date and surrender of the contract the Company will as the insured may elect, either issue a contract for the amount of paid up insurance, if any, specified in column 2 or pay the cash value, if any, specified in column 1."

It appears from these provisions in the contract that the surrender value of the policy is payable to the insured only: (1) in the form of a loan if the contract is assigned to the company by all parties in interest, or (2) if a premium shall not be paid on or before the date when it is due and then upon the surrender of the policy and if the insured shall so elect.  Under these circumstances it is evident that a judgment creditor or a receiver appointed in supplementary proceedings could not force a surrender of the policy and the payment of the surrender value if there were no right in the insured to change the beneficiary, for then the beneficiary would clearly have a vested interest in the policy and she could not be compelled to assign her interest therein or to refrain from paying premiums or to surrender the policy.  The serious and to some extent novel question presented by this motion is whether the provision for the change of beneficiary not only leaves in the insured such property right in the policy as will pass to the receiver but also whether the receiver can compel the debtor to exercise his reserved power to change the beneficiary and then to claim the surrender value.

It is plain that the judgment debtor has some property in the policy for the beneficiary can certainly by appropriate proceedings be divested of her rights even if vested and whatever rights are not finally in the beneficiary are in the insured.  It has been held at Special Term in the case of *Cavagnaro* v. *Thompson,* 78 Misc. Rep. 687, that this property right in the insured passes to the receiver and in that opinion it seems to be assumed, even if not declared, that the receiver could thereupon divest the beneficiary of her interest and compel the surrender of the policy.  An analysis of that opinion shows that it is based on two propositions, *first,*

that the beneficiary has no vested interest in the policy, and *second*, that the dominion over the policy retained by the insured passes to the receiver and can be exercised by the receiver. The first proposition rests upon analogy between the rights of the insured and of the beneficiary named in a certificate of membership in a benefit society and the rights of similar parties under a contract of insurance with an insurance company, and the second proposition rests upon the authority of a number of cases in bankruptcy in the federal courts. The analogy between rights under a certificate of membership and under a policy of life insurance is not complete and in the case of *Grems* v. *Traver*, 87 Misc. Rep. 644; affd., 164 App. Div. 968, the justice at Special Term has pointed out this distinction and though unnecessary to a determination of the case and, therefore, not necessarily approved by the Appellate Division through its affirmance of the judgment, it yet requires respectful consideration. On the other hand, the United States Circuit Court of Appeals of this circuit decided in the case of *Matter of Greenberg*, 271 Fed. Rep. 258, that the decision in the *Grems* case was " inconsistent with the subsequent decision in *Cohen* v. *Samuels*, 245 U. S. 50, 53," and the Appellate Division of this department in the case of *Eltonhead* v. *Travelers Ins. Co.*, 177 App. Div. 170, 174, in considering the claim of the wife, originally named as a beneficiary, to a policy against one who claimed to have been named as beneficiary thereafter, stated that " by having been originally designated the beneficiary she obtained no vested right, for the policy authorized the insured to change the beneficiary." In the face of these opinions and decisions I should certainly hesitate to hold that the wife who was first named as a beneficiary acquired technically a vested right to the policy which could not be divested without her consent by one exercising the powers of the insured even though such change of beneficiary be not accompanied by all the formalities required in the contract of insurance for the protection of the insurance company; but even though it should be held that the wife's rights are not vested, it by no means follows that the plaintiff in this case can obtain the relief he asks.

Regardless of whether the wife's right be inchoate, contingent or vested, she is entitled to receive the amount of the policy at her husband's death unless before that time the beneficiary has been changed or the policy surrendered. It cannot be surrendered without her consent unless the beneficiary is changed. Even though a judgment be obtained against the insured and supplementary proceedings initiated before the death of the insured, the proceeds of the policy cannot be reached by the judgment creditor after the death of the insured where the assured died

without having designated a new beneficiary and no appropriate steps were taken by the creditor during the lifetime of the assured to reach the assured's interest in the policy arising from his right to change the beneficiary. *Lowenstein* v. *Koch*, 165 App. Div. 760; affd., 217 N. Y. 689. The present case, therefore, can be reduced to one question: are there any appropriate proceedings by which the creditor can reach the assured's interest in the policy and compel him to make the policy payable to his estate instead of to his wife, and though in the case of *Lowenstein* v. *Koch, supra*, the Appellate Division indicated that there might be such appropriate proceedings, it did not attempt to decide this point. Undoubtedly there is a long line of decisions that under the Bankruptcy Act a trustee in bankruptcy may obtain the surrender value of a policy taken out by the bankrupt in which the bankrupt retains the right to change the beneficiary and there is some authority that this is true even though the beneficiary named is the wife of the bankrupt, but in the case of *Chelsea Exchange Bank* v. *Travelers Ins. Co.*, 175 App. Div. 829, 833, the Appellate Division of this department stated: "the cases cited by plaintiffs arising in bankruptcy cases have no application here, for in the former the trustee in bankruptcy succeeded to all the rights of the bankrupt, including the reserved right to change the beneficiary, which is not the case here, where plaintiffs can only reach the insured's property and the wife is still the designated beneficiary." I recognize that this statement of the law was made in an action in aid of attachment and not, as in this case, in an action by the receiver to compel the surrender of the policy, and also that in that case it did not appear "in whose possession the policies are or that they can be surrendered to the defendant." For these reasons the decision can hardly be regarded as authority that the present plaintiff cannot maintain this action but it indicates that, in the opinion of the court, the mere fact that the insured by change in the beneficiary could obtain the right to surrender the policies does not make the insured the sole owner of the policies until or unless such change has been made, even though a trustee in bankruptcy who has succeeded to all the rights of the bankrupt might exercise the reserved right to change the beneficiary and thereafter surrender the policy.

The Bankruptcy Act provides by section 70 that a trustee in bankruptcy "shall be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt * * * to all * * * (3) powers which he might have exercised for his own benefit, but not those which he might have exercised for some other person; * * * (5) property which prior to the filing of the

petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him," and it refers especially to insurance policies which have a cash surrender value payable to the bankrupt, his estate or personal representative. In construing this statute the Supreme Court of the United States pointed out that while "it is true the policies in question here are not so payable but they can be or could have been so payable at his own will and by simple declaration" and that since the act vested in the trustee all powers which the bankrupt might have exercised for his own benefit and all property that the bankrupt could transfer by the plain language of the act the trustee is vested with the power to change the beneficiary and surrender the policy, but the court also pointed out in the same case that if the language of the statute made any other construction tenable, "it might indeed be that it would better fulfill the protection of insurance by considering the proviso alone and literally, regarding the policy at the moment of adjudication, and, if it be not payable then in words to the bankrupt — no matter what rights or powers are reserved by him, no matter what its pecuniary facility and value is to him — to consider that he has no property in it." *Cohen* v. *Samuels, supra.* In determining the effect of this decision upon the question before me three considerations must be borne in mind. The court in that case determined, not that the policies were the sole property of the bankrupt, but that the bankrupt had the power to vest in himself the sole property therein and to make them payable to him and the trustee in bankruptcy had under the Bankruptcy Act the same power; while I must determine whether a receiver in supplementary proceedings under our statute has the same power. The policies in that case had a cash surrender value which the companies were willing to pay to the bankrupt or his trustee, whereas in this case the insurance company is not willing to pay any cash surrender value and, as pointed out above, the policies contain no provision which requires it to pay any cash surrender value except as a "loan" or after non-payment of a premium. Finally in that case the beneficiaries were not the wife of the insured but his sister and niece and the court, therefore, could not consider whether the policies were exempt from claims of creditors by virtue of section 52 of the Domestic Relations Law.

Supplementary proceedings, like bankruptcy proceedings, are creatures of statute and the powers and title of a receiver are no broader than the provisions of the statute authorize. Section 805 of the Civil Practice Act authorizes merely the appointment of a "receiver of the property of the judgment debtor." Under section

39 of the General Construction Law the word " property " does not expressly include powers and I have found no decision of any of the courts of this state which has laid down a broad rule that a receiver in supplementary proceedings succeeds not only to the title of the judgment debtor but also to a power to transfer title.

Undoubtedly the courts will not permit a judgment debtor to shield himself behind a pretended interest in a third party, but will either regard as done or direct the judgment debtor to do any acts which equitably he should do, but in my opinion the mere fact that a debtor has the power to destroy an interest of a third party, even though inchoate or contingent, in property, does not require the courts to direct him to exercise that power where such interest has been created in good faith and any reason exists either in equity or in public policy for keeping it alive. It is noteworthy too that in the *Samuels* case the Supreme Court did not.expressly decide that even a trustee in bankruptcy could exercise the power which the bankrupt had to first change a beneficiary and then to borrow on the policy the surrender value or compel the insurance company to pay the surrender value where the policy contained no other clauses in regard to surrender value than are contained in the policies under consideration and where the insurance company has not expressed a willingness to pay its value, upon its surrender. That question was directly involved in the case of *Matter of Hammel & Co.*, 221 Fed. Rep. 56, and the Circuit Court of Appeals of this circuit there held against the contention that " the loan value of this policy is to be treated as a surrender value and the sum which can be borrowed on it　＊　＊　＊　is to be borrowed and turned over to the trustee." In the *Samuels* case the majority of the same court decided that upon the reasoning of the *Hammel* case the trustee could not surrender a policy and accept its surrender value even though the bankrupt by change of beneficiary could, under the terms of the policy, have made such surrender. Judge Hough, however, filed a dissenting opinion holding in effect that a trustee took under the bankruptcy statute a right to the surrender value of a policy where the bankrupt had a right to surrender it upon change of beneficiary even though he was not entitled to the surrender value of a policy where such value could be obtained only through borrowing. *Matter of Samuels*, 237 Fed. Rep. 796. The Supreme Court in reversing the decision in that case (*Cohen* v. *Samuels, supra*) did not expressly refer to this distinction but it did not expressly, or in my opinion impliedly, overrule the *Hammel* case. On the contrary, the statement of facts contains the significant phrase: " The District Court affirmed the orders of the

referee following what the court conceived to be the ruling in *In re Hammel & Co.*, 221 Fed. Rep. 56." It is true that the same Circuit Court of Appeals, speaking through Judge Hough, did thereafter decide that a policy containing clauses similar to those here under consideration did have a surrender value and said: " This is, we believe, the result of the most recent ruling decisions and in so far as *In re Hammel & Co.*, 221 Fed. Rep. 56, * * * conflicts therewith, it must be regarded as overruled " (*Matter of Samuels*, 254 Fed. Rep. 775), yet it seems clear to me the Supreme Court of the United States has decided only that a bankrupt has property in any policy where he has power to change the beneficiary, and if such policy has a surrender value payable to the bankrupt upon change of beneficiary, it is payable to the trustee, and it has not yet expressed any opinion upon the question of whether even a trustee in bankruptcy can obtain the surrender value where it is payable only in the form of a loan or when the policy has lapsed. Moreover in the present case the right to change the beneficiary is made subject to the written consent of the company and though the Circuit Court of Appeals has held that such clause does not limit the power of the trustee to change the beneficiary (*Matter of Greenberg*, 271 Fed. Rep. 258), yet even in that case there was a dissent on this point.

I have so far considered the question entirely apart from the fact that the beneficiary here named is the debtor's wife. Section 52 of the Domestic Relations Law has given a wife an insurable interest in her husband's life and to some extent exempts from claims of her husband's creditors insurance in her favor. If that exemption applies to insurance in her favor where the husband retains the right to change the beneficiary then obviously the plaintiff cannot recover in this action. In the cases of *Matter of Samuels*, *supra*, and *Matter of White*, 174 Fed. Rep. 333, the Circuit Court of Appeals decided that under our state law there was no such exemption but it stated that it based its decisions upon rulings of the state courts and a careful examination has failed to disclose any clear ruling by the state courts on this question and the opinion in the case of *Matter of Hammel & Co.*, *supra*, discloses convincing reasons why the wife's interest should be protected against claims of her husband's creditors. Chapter 80 of the Laws of 1840 (now section 52 of the Domestic Relations Law) made it possible for a wife to procure insurance on her husband's life, and in construing that statute it has been said " that it was passed for a most beneficent object. Its purpose and intent was to provide support for the wife in case of possible widowhood and to put it beyond the power of either husband or wife to take away the same." *Grems* v.

*Traver,* 87 Misc. Rep. 644.   I am not at all impressed with the argument that section 52 of the Domestic Relations Law does not apply to a policy which by its terms cannot be disposed of by will.   In my opinion the provisions in regard to a disposition by will or assignment to take effect after death was intended merely to give a degree of assignability to the wife's property right in policies which were taken out for her benefit, but these provisions were not intended in any way to limit the right to take out policies which were not payable to her unless she survived her husband and in which she had no property which could pass by will or assignment to take effect upon her death.   In fact the opposite construction is made necessary by the other provisions of the statute.   Similarly I think it is clear that the statute does not prohibit insurance for the benefit of the wife though the policy contain a provision for a change of beneficiary by the husband, and the only effect of such a provision in the policy is that the wife's interest is merely reduced and she takes only such interest as she is given by the terms of the policy.   If the husband thereafter changes the beneficiary she no longer has any interest or rights in the policy, but until that power remaining in the husband is exercised, she has an interest which is not subject to the claims of his creditors except as provided in the statute.   The statute does not strictly give an exemption of the property rights of the husband, but it recognizes a property right in the wife which like other property rights in the wife is not subject to the claims of her husband's creditors.   Whatever property the husband has in the policy passes to the receiver, but his right to a surrender value of the policy is incomplete unless or until he exercises his power to change the beneficiary.   Whether or not he should be compelled to exercise this power for the benefit of his creditors when the beneficiary is not a person for whom he was under any duty to furnish support is perhaps doubtful, but I think that where the beneficiary is his wife, it is the policy of the law that the wife's interest should be preserved according to the language of the policy and the rule that the courts will regard as done that which a person ought in good conscience to do has no application.   The policy in its present form makes provision for the wife in case of the death of the insured prior to its maturity. The property right of the insured in the policy is subject to any rights of the wife, whether such rights be vested, contingent or even inchoate.   The insured as long as the contract is in existence can obtain the surrender value even as a loan only by assignment of the policies to it by all parties in interest.   Perhaps if the company is willing to make the loan or to accept the surrender of the policy without such assignment, the beneficiary could not com-

plain in view of the fact that her interest could be terminated in any event at the will of the insured, but the company has a right to insist upon the due performance of all conditions precedent to the right to obtain the surrender value.   The assignment by all " parties in interest " is a condition precedent, and the words " parties in interest " in my opinion undoubtedly are intended to include the beneficiary named in the policy; consequently the debtor cannot obtain a loan or surrender the policy until the beneficiary is changed. The power to change the beneficiary could be exercised by the insured for his own benefit but only by depriving his wife of provision for her support after his death which under the provisions of section 52 of the Domestic Relations Law would clearly have been free from the claims of creditors if the power to change the beneficiary had not been retained.   No statute either expressly or by clear implication has provided that the retained power to change the beneficiary is property which passes to a receiver or may be seized by creditors, and the effect of the decision in *Lowenstein* v. *Koch*, 165 App. Div. 760, seems to me to be that the property of the insured in such a policy does not include a right to the surrender value of the policy unless and until such power is actually exercised. It seems to me to follow that the receiver can obtain the surrender value of the policy only if the court shall determine that equitably the insured should exercise that power, and in view of the fact that the policy by its terms is intended to make provision for the wife of the insured if he should die while the policy was in effect and he had not changed the beneficiary, I do not think that a court of equity can, under the circumstances recited in the complaint, make such a determination.   If the receiver cannot obtain payment from other property of the debtor it would seem that there is real need for keeping such provision alive, and there is no allegation in the complaint that the taking out of the policy or the designation of the beneficiary was made in fraud of creditors, and if the policy was taken out for a legitimate purpose the insured should not be compelled to terminate the policy or to use it for a different purpose.

In reaching this conclusion I have not overlooked the fact that it is in conflict with the decisions of the County Court of Bronx county in *Clark* v. *Shaw*, 91 Misc. Rep. 245, 247, and of the City Court in *Ecker* v. *Meyer*, 118 id. 356, 443, but I regard these decisions as overruled by the Appellate Term in the case of *Ecker* v. *Meyer*, 119 id. 375.

Plaintiff's motion for judgment is, therefore, denied, with ten dollars costs, and judgment ordered dismissing the complaint.

Judgment accordingly.