In the Matter of Supplementary Proceedings:

ROCKWOOD & CO., INC., Respondent, *v.* MORRIS S. TROP, Doing Business under the Firm Name and Style of TROP CHOCOLATE Co., Appellant.

Second Department, January 9, 1925.

Supplementary proceedings — court order granted directing judgment debtor to sign and deliver to receiver request to life insurance company, directing it to pay cash surrender value of policy to receiver — policy reserving right to change beneficiary was payable to judgment debtor's estate — motion was properly made by judgment creditor under Civil Practice Act, § 793 — court order not improper under Civil Practice Act, §§ 128 and 129 — order properly granted — title of receiver to personal property — order appointing receiver was not entered as required by Civil Practice Act, § 812, in county of plaintiff's residence — title did not pass under Civil Practice Act, § 809, subd. 2.

It was proper for the court to make an order directing the judgment debtor in supplementary proceedings, who held a life insurance policy payable to his estate in which he reserved the right to change the beneficiary, to sign and deliver a request to the life insurance company, directing it to pay the cash surrender value of the policy to the receiver in supplementary proceedings.

The motion was properly made by the judgment creditor under section 793 of the Civil Practice Act.

The order was properly made by the court under sections 128 and 129 of the Civil Practice Act.

The order appointing the receiver not having been filed in the county of the residence of the judgment debtor as required by section 812 of the Civil Practice Act, the title to the cash surrender value of the policy of insurance did not, under subdivision 2 of section 809 of the Civil Practice Act, vest in the receiver, and, therefore, the order directing the judgment debtor to sign and execute the request must be reversed with leave to renew the motion without prejudice.

APPEAL by the defendant, Morris S. Trop, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 23d day of June, 1924, granting plaintiff's motion to compel the defendant, the judgment debtor in supplementary proceedings, to sign, execute and deliver to the receiver a written request, directed to the Equitable Life Assurance Society of the United States, to cancel a certain policy of insurance and to pay its present cash surrender value to the receiver.

The order was resettled on July 15, 1924.

*Louis Joffe* [*Louis J. Naftalison* with him on the brief], for the appellant.

*Max A. Geller* [*Jacob Grumet* and *Herman Goldman* with him on the brief], for the respondent.

KELBY, J.:

The defendant, Morris S. Trop, confessed judgment in the sum of $8,426.66 in favor of the judgment creditor on the 27th of March, 1924. Execution was issued upon the judgment. Before the return thereof an order for the examination of the judgment debtor was issued as provided by the Civil Practice Act. (See § 780.) The examination in supplementary proceedings disclosed that in 1920 the defendant presented to his wife a factory building on Hopkins street in the borough of Brooklyn. He estimates the value of the building as $150,000, and states that the consideration for its transfer to his wife was love and affection. His wife still owns this property. The transfer was made five or six months prior to the suit brought by the plaintiff against the defendant. Later in his examination the judgment debtor stated that his liabilities exceeded his assets in 1920 by possibly $50,000 or $60,000. He also transferred to his wife a Cadillac sedan car for which he had paid $3,000. The consideration for this transfer was also love and affection. He further testified that he had $30,000 worth of life insurance in the Equitable and New York Life Insurance Companies; that loans aggregating $2,000 or $2,500 had been obtained on the policies; and that the premiums on the policies had been paid to date. That is all that appears in the examination itself as to the subject of insurance. Upon the admissions as to the existence of the insurance policies the court appointed a receiver on the 12th of May, 1924. This was a court order and it was entered in Kings county although the defendant, at the threshold of his examination, swore that he resided at No. 75 Kensington Gardens, which is in Far Rockaway, Queens county, and this residence is reiterated in an affidavit appearing in the record. It nowhere appears that the order appointing the receiver was filed in the county of Queens.

After the appointment of the receiver the judgment creditor moved, on an affidavit, for the order which was subsequently granted and which is now under review. This order directed the judgment debtor to sign, execute and deliver to the receiver a request, directed to the Equitable Life Assurance Society of the United States, to cancel policy No. 2457987 and to pay its cash surrender value to the receiver.

The new facts shown by the affidavit are predicated upon a written communication from the Equitable Life Company to the receiver under date of May 27, 1924. It recites that policy No. 2457987 was issued on June 3, 1919, on the twenty-year endowment annual dividend plan for the face amount of $25,000; that it was assigned to the insurance company as security for a loan of $1,182.25; and that the premiums have been paid to June 3, 1924.

The letter continues: " In the event of the lapse of the policy by reason of the non-payment of the premium due June 3, 1924, the policy will provide, in accordance with its terms, for a cash surrender value of $4,375, which would be subject to the outstanding loan. On June 3, 1924, a dividend of $455.25 will be apportioned to the policy. To enable the Society to consider payment of the cash surrender value of the policy, in the event of a default in the payment of premiums, it will be necessary to send us a request, signed by the insured, to cancel the policy and to pay its cash surrender value."

The answering affidavit of the judgment debtor contained no denials of the statements of fact made in the insurance company's letter to the receiver. It sets out that the premium due June 3, 1924, was subsequently paid by the debtor's wife out of her own moneys; that the reason the premium was not paid before June third by the debtor was that he was without funds; that his wife has an interest in the policy, and that to protect her interest she paid the premium with her own funds.

The statement in the moving affidavit that " The endowment policy with the Equitable Life Assurance Society of the United States is made payable to the estate of Morris S. Trop as the beneficiary and expressly reserves the right to change the beneficiary to the judgment-debtor herein, Morris S. Trop," is not denied by the judgment debtor in his affidavit.

The order appealed from is a court order and was made under section 793 of the Civil Practice Act, which is a re-enactment of section 2447 of the Code of Civil Procedure. This section provides in part as follows: " Where it appears from the examination or testimony taken in a special proceeding authorized by this article that the judgment debtor has in his possession or under his control money or other personal property belonging to him, or that one or more articles of personal property capable of delivery, his right to the possession whereof is not substantially disputed, are in the possession or under the control of another person, *the judge by whom the order or warrant was granted or to whom it is returnable,* in his discretion, * * * may make an order directing the judgment debtor or other person immediately to pay the money or deliver the articles of personal property to a sheriff * * * unless a receiver has been appointed or a receivership has been extended to the special proceeding, and in that case to the receiver."

There are many technical objections made to the order appealed from. The first is that the motion should have been made by the receiver and not by the judgment creditor. Section 793 of the Civil Practice Act, just above quoted, is ample authority for the making

of the motion by the judgment creditor. It gives the judge power to make the order with or without notice and does not limit it to an application made by the receiver.

The second point is that the order appealed from is a court order, and that under this section it should have been a judge's order and should have been signed by the judge who signed the original order in supplementary proceedings or by the judge before whom the matter was originally returnable. The rule now is that any order which may be signed by a judge may also be signed by the court. Section 128 of the Civil Practice Act prescribes that "An order which is authorized by statute to be made at chambers may be made by the court." And section 129 provides: "An order made by a justice of the Supreme Court, out of court, shall not be void on the ground that a statute or rule, in terms or in effect, requires the motion therefor to be made to, or authorizes the order to be made only by, such court, unless the order be made outside of a county or judicial district in which an application to the court for such order is authorized." Senator Walters, chairman of the joint legislative committee on the simplification of the civil practice, says in his paper entitled "The New Practice Acts," which he presented at the annual meeting of the New York State Bar Association in January, 1921 (Report of N. Y. State Bar Assn., 1921, vol. 44, pp. 400, 407) and which is included with the editorial preface notes in Parsons' Practice Manual, 1921, at page ix: "The distinction between court orders and judges' orders when in effect made by Supreme Court justices has been abolished in the new practice." He cites section 129 of the Civil Practice Act, to which should be added section 128. The fact is that this distinction has been abolished throughout the State since 1911 except in the First Department. (See Code Civ. Proc. § 768, as amd. by Laws of 1911, chap. 763, 5th sentence.) This objection is, therefore, overruled.

As to the merits of the order. If the facts in the moving affidavit are taken as verity, it seems clear that the judgment debtor has an endowment policy payable to his estate at the end of twenty years and that the right to change the beneficiary is lodged in him. It likewise appears that the surrender value of the policy, after the payment of loans made by the insurance company, of $1,182.25, is directly within the control of the judgment debtor.

This case does not present the difficulties which arose in the cases cited by the appellant, one of which is *Maurice* v. *Travelers Insurance Co.* (121 Misc. 427), where the wife of the insured was named as the beneficiary. In *Cohen* v. *Samuels* (245 U. S. 50) Mr. Justice McKENNA, writing for the court, said: "Under such conditions

[where the policy has a cash surrender value and the insured reserved the right to change the beneficiary] to hold that there was nothing of property to vest in a trustee would be to make an insurance policy a shelter for valuable assets and, it might be, a refuge for fraud." In *Lowenstein* v. *Koch* (165 App. Div. 760) the court said: "Undoubtedly, so long as he lived, the judgment debtor retained an interest in the contract of insurance, arising out of his reserved right to change the beneficiary at will, and if appropriate action had been taken during his lifetime to realize upon that interest the judgment creditor might have been able to collect something to be applied upon the judgment." *Clark* v. *Shaw* (91 Misc. 245) was the case of an ordinary life insurance policy payable to the wife and containing a clause reserving to the husband the right to change the beneficiary. The court directed that the policy be turned over to the receiver in supplementary proceedings. In *Maurice* v. *Travelers Insurance Co.* (*supra*) the defendant insurance company issued to one Berliner its policy of insurance whereby it insured Berliner's life in the sum of $1,000, payable to his wife, Annie Berliner, upon his decease. The policy contained the following provision: " Provided this contract is not assigned the Insured may at any time and from time to time during its continuance, change the Beneficiary to take effect only when such change and the written consent of the Company thereto are indorsed upon the contract at the Home Office of the Company or attached thereto, whereupon all rights of the former Beneficiary shall cease." It appeared that there had been no assignment of the policy and no change in the beneficiary. The plaintiff in the action, Maurice, was a judgment creditor of the husband, the insured. He brought an action in which he prayed for a judgment directing the husband to surrender the insurance policy to the Travelers Insurance Company, and directing that company to accept such surrender and to pay to the plaintiff the full cash surrender value of the policy. Upon the defendant's answering, the plaintiff moved for judgment on the pleadings. Apparently the defendant moved to dismiss the complaint on the ground that it did not state a cause of action. The learned justice in that case reached the conclusion that while the wife did not have a vested interest in the policy, she was nevertheless entitled to receive the amount of the policy at her husband's death unless before that time the beneficiary had been changed or the policy surrendered, and that the policy could not be surrendered without her consent unless the beneficiary was changed. The justice in his opinion distinguished the cases brought under the Bankruptcy Act (30 U. S. Stat. at Large, 565, 566, § 70, subd. a), because a trustee in bankruptcy succeeded to the rights of the

bankrupt, including the right to change the beneficiary, and this, he said, was not so in the case before him for consideration, where the plaintiff could only reach the insurance policy and the wife was still the designated beneficiary. Section 52 of the Domestic Relations Law was also invoked in favor of the insured's wife. Finally the court concluded: " It seems to me to follow that the receiver can obtain the surrender value of the policy only if the court shall determine that equitably the insured should exercise that power, and in view of the fact that the policy by its terms is intended to make provision for the wife of the insured if he should die while the policy was in effect and he had not changed the beneficiary, I do not think that a court of equity can, under the circumstances recited in the complaint, make such a determination."

As stated, the policy in the case at bar is free from the disturbing element of the wife being named as the beneficiary. So far from the wife having any equitable claim, it seems to me that when it appears affirmatively that the judgment debtor has transferred to his wife $150,000 worth of property for love and affection in a year when he says his liabilities exceeded his assets, the wife has been fairly well taken care of without removing from the creditor a fund which is still within the control of the debtor. So far as the merits are concerned, therefore, I recommend an affirmance of the order.

There is, however, another objection made to the order, namely, that nowhere has it been made to appear that the order appointing the receiver has been filed in the county of Queens, which appears to be the undisputed place of residence of the debtor. While the order appointing a receiver must, according to the provisions of section 812 of the Civil Practice Act, be filed with the clerk of the county wherein the judgment roll in the action is filed, section 809, subdivision 2, provides that " The property of the judgment debtor is vested in a receiver who has duly qualified, from the time of filing the order appointing him or extending his receivership, as the case may be; subject to the following exceptions: * * * 2. Where the judgment debtor at the time when the order is filed resides in another county of the State, his personal property is vested in the receiver only from the time when a copy of the order, certified by the clerk in whose office it is recorded, is filed with the clerk of the county where he resides."

As previously pointed out, the judgment debtor, on May fifth, the date of his examination, said that he resided in Queens county, and this statement of residence is not denied; the order appointing the receiver was entered on May twelfth, and no copy of the order seems to have been filed in Queens county as required by the section last above quoted. For this reason only, the order should be

reversed, with leave to renew the motion and without prejudice to the presentation of additional facts.

KELLY, P. J., RICH, MANNING and YOUNG, JJ., concur.

Order reversed, without costs, on the law and the facts, with leave to renew the motion, and without prejudice to the presentation of additional facts.