## SECOND DEPARTMENT, FEBRUARY, 1925.

MAMIE SLOMOWITZ, Also Called MASHE SLOMOWITZ, etc., Respondent, *v.* MUTUAL LIFE INSURANCE COMPANY, Defendant, Impleaded with MAURICE F. KILLEEN, as Trustee in Bankruptcy of SOLOMON SLOMOWITZ, Deceased, Appellant.

*Insurance — action to determine title to proceeds of life insurance policy — insolvency of insured — evidence does not warrant finding that wife knew of insolvency when she was made beneficiary.*

Appeal from a judgment of the Supreme Court in favor of the plaintiff, entered in the Kings county clerk's office December 9, 1924, upon the decision of the court rendered after a trial at the Kings Special Term.

PER CURIAM: We doubt whether there was any legal evidence justifying the finding that the decedent was insolvent at the date when he terminated his right to change beneficiaries in the insurance policies then existing, and payable to his wife and daughter, or at the time he transferred the policy payable to his estate to his wife, with like termination of power to change beneficiaries. But there is certainly no evidence warranting the evidently inadvertent finding of the learned trial justice, made at request of defendant trustee in bankruptcy, that the plaintiff wife knew of said insolvency. This is the alleged "inconsistent finding" which is the subject of the offensive and improper comment in the appellant's second point. On the contrary, she emphatically denied any such knowledge, and the evidence as to the surroundings, her lack of business capacity, and the previous business standing and reputation of her husband, conceded by the creditor examined as a witness for the appellant trustee in bankruptcy, confirms her

statement. The deceased had conducted his business honestly and uprightly for sixteen years when the calamity of sudden sickness and ill health brought things to a climax in the last days of 1922 and he had to close his store. We, therefore, modify the judgment appealed from by reversing the findings made at defendant's request that the plaintiff had knowledge of the alleged insolvency of her husband prior to the filing of the petition in bankruptcy. The judgment as thus modified should be affirmed, with costs. (See *Lowenstein* v. *Koch*, 165 App. Div. 760; affd., 217 N. Y. 689; *Grems* v. *Traver*, 87 Misc. 644; affd., 164 App. Div. 968.) Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ. Judgment modified in accordance with opinion, and as thus modified unanimously affirmed, with costs. Settle order on notice.