THE PHŒNIX INSURANCE COMPANY OF HARTFORD, CONN., Plaintiff,
*v.* ISADORE SHERMAN, Defendant.

Supreme Court, Albany County, August 20, 1926.

Executions — supplementary proceedings — order for examination made
by and returnable before county judge — ex parte order improperly
granted by Supreme Court justice under Civil Practice Act, § 792,
permitting person indebted to debtor to pay over to sheriff.

A Supreme Court justice cannot make an *ex parte* order permitting a person
indebted to a debtor in supplementary proceedings to pay over to the sheriff
of the county the amount so owing or a part thereof sufficient to satisfy the
execution where the order in supplementary proceedings is made by and is
returnable before the county judge, for section 792 of the Civil Practice Act
provides that such an order shall be made by the judge by whom the order or
warrant was granted or to whom it is returnable.

MOTION to set aside *ex parte* order granted under section 792
of the Civil Practice Act.

*Caplan & Caplan,* for the motion.

*Rider & Allen,* opposed.

NICHOLS, J.    November 19, 1924, the plaintiff obtained a judg-
ment against defendant for the sum of $161.30.    An execution
was issued on the judgment to the sheriff of Albany county, and
no part of said judgment has been paid.

The defendant in another action against the Hanover Insurance
Company of New York, obtained a compromise settlement whereby
the defendant herein was to receive the sum of $1,000 from said
Hanover Insurance Company.

The defendant herein was examined in supplementary proceed-
ings pursuant to an order of the county judge of Albany county,
which said order was made returnable before said county judge
on July 6, 1926.    A justice of the Supreme Court granted an *ex parte*
order on the application of the plaintiff, requiring the Hanover
Insurance Company to pay over to the sheriff of Albany county
out of said sum of $1,000, the sum of $161.30 with interest from
November 19, 1924, together with the fees and poundage of the
sheriff thereon and further directing that the plaintiff have $30
costs and $2 for disbursements in the proceedings supplementary
to execution.

Section 792 of the Civil Practice Act provides among other
things as follows:

" The judge by whom the order or warrant was granted or to
whom it is returnable, upon proof by affidavit to his satisfaction that

a person or corporation is indebted to the judgment debtor, * * * may make an order, in his discretion, permitting the person or corporation to pay to a sheriff designated in the order a sum on account of the alleged indebtedness, not exceeding the sum which will satisfy the execution."

The judge who made the order permitting the payment was not the judge who granted the order in supplementary proceedings or before whom the supplementary proceeding was returnable. I think the order cannot be sustained for that reason; and I do not think the case of *Matter of Rockwood & Co.* v. *Trop* (211 App. Div. 421) is an authority for sustaining the order; in the first place, the statement of the court in the opinion was not necessary for the decision made and is *obiter dicta*. There are certain provisions as to orders prescribing what judges may make said orders. Sections 792 and 793 of the Civil Practice Act provide that the judge who issued the order in supplementary proceedings or the judge before whom the order is returnable may make certain orders. Sections 897 and 898 apply to motions to vacate or modify injunction orders to be made to the judge who granted the order. Section 952 relates to discharge of an attachment and provides that the defendant may apply to the judge who granted the warrant or to the court for an order discharging the attachment, while section 128 of the Civil Practice Act provides that an order which is authorized by statute to be made at chambers may be made by the court; and section 129 provides that an order made by a justice of the Supreme Court out of court shall not be void on the ground that the statute or rule in terms or in effect requires the motion therefor to be made to, or authorizes the order to be made only by such court. Nothing in these sections, in my opinion changes the rule in the case at bar and as permitted in attachment and injunction cases, that certain orders affecting the matter can only be made by the judge who granted the original order. In *Matter of Bean* v. *Stoddard* (207 App. Div. 276) the court in considering the vacating and modification of an injunction order (at p. 281) says: " The application for leave to sue should have been made upon notice either to the justice who granted the restraining order, or to the court at a term where a contested motion may be heard " (citing Civil Practice Act, §§ 897, 898), showing that the court recognizes the fact that in injunction proceedings, section 129 does not change the rule.

I, therefore, hold that the order made herein was unauthorized and is void and I vacate and set aside the same, with ten dollars costs. If the plaintiff desires to appeal from this order and appeals

within ten days, I grant a stay until the hearing and determination of said appeal, provided said appeal is argued at the term of the Appellate Division commencing September 7, 1926. If said appeal is not argued at said term, said stay to terminate on the last day of said term.

Either party may submit a proposed order in accordance herewith.