In the Matter of Supplementary Proceedings: NEW YORK PLUMBERS' SPECIALTIES Co., INC., Judgment Creditor, *v.* PHILIP STEIN, Judgment Debtor.

City Court of New York, Bronx County, April 2, 1930.

*Abraham J. Halprin,* for the judgment creditor.

*Isidore Lowenbraum,* for the judgment debtor.

EVANS, J.   This motion has for its purpose the application of dividends about to be received by the judgment debtor on life insurance policies towards payment of a judgment.

Philip Stein received two policies on his life from the Equitable Life Assurance Society, each in the sum of $25,000 on the twenty-year payment plan, on June 20, 1928.   The beneficiary is his wife. On October 28, 1929, the policies were assigned to the assurance society for a loan of $925 on each policy.   The premiums on those policies have been paid to June 20, 1930.   On that day the cash surrender value of each policy will be precisely the amount of the loan, so that if no further premiums are paid, the policies will terminate, and the insured will have no equity in the policies, except the 1930 dividend, of $246.25, which will be apportioned on June 20, 1930, providing the insured survives.

There is no claim made that the creditor has the right to reach the proceeds, surrender value or cash or loan value of the policies. Since there is a third party, beneficiary of these policies, that cannot be done.   (*Chatham Phenix N. B. & T. Co.* v. *Crosney,* 251 N. Y. 189; *Matter of Messinger,* 29 F. [2] 158; *Gershwin* v. *Berliner,* 214 App. Div. 196; *Maurice* v. *Travelers Ins. Co.,* 121 Misc. 427.)   The dividends, however, are merely a refund to the insured of an original overpayment or earning, of the insurance premium.   It is the result of a sort of a partnership between the insured, and other policyholders in the same insurance company.   The premium paid

by the insured is much larger, where he shares in the dividends of the insurer, than it would be for the same insurance without such a privilege. The beneficiary is not entitled to the dividend during the lifetime of the insured. The sole right and legal title to this money lies in the insured. Where there is no third party beneficiary, the receiver has been held entitled to the surrender value of an insurance policy of a judgment debtor. (*Matter of Rockwood & Co., Inc.,* v. *Trop,* 211 App. Div. 421.) I can see no distinction, in principle, between the right of a receiver to the dividends, under the circumstances disclosed at bar, and the right of a receiver to the surrender value of the policy under the circumstances disclosed in the *Trop* case.

Motion to vacate the injunction order denied.